# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Panhandle Used Equipment, LLC,**
**Defendant Below, Petitioner**

**vs) No. 15-0230** (Berkeley County 14-AA-5)

**Mark W. Matkovitch, West Virginia State Tax Commissioner**
**Plaintiff Below, Respondent**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Panhandle Used Equipment, LLC by counsel Michael E. Caryl and Catherine A. Delligatti, appeals the February 9, 2014, order of the Circuit Court of Berkeley County, West Virginia. Respondent Mark W. Matkovitch, by counsel Cassandra L. Means, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Panhandle Used Equipment is a West Virginia corporation, specializing in commercial equipment. In July of 2013, the Auditing Division of the West Virginia Department of Revenue issued two estimated Audit Notices of Assessment against petitioner. The first notice, issued on July 3, 2013, assessed the petitioner for combined sales and use tax in the amount of $42,872.70, with $7,594.47 in interest and $10,718.24 in additions. The estimated sales and use tax assessment covered the periods from January 1, 2010, through March 31, 2013. The second notice, issued on July 8, 2013, assessed the taxpayer for pass through entity tax in the amount of $1,529.00, with $212.75 in interest and $382.25 in additions. The Estimated Pass Through Tax Assessment covered the period from January 1, 2008 through December 31, 2012. Petitioner received the notices on July 17, 2013.

Jason Henry (owner/sole member of petitioner) asserted that he personally mailed Petitions for Reassessment seeking review of the estimated Assessments on August 3, 2013, to P.O. Box 2389, Charleston, WV 25328-2389. Mr. Henry claims that he was told to mail the petitions to this address by an "unlicensed tax preparer." Mr. Henry further claimed that on September 3, 2013, he called the Office of Tax Appeals ("OTA") regarding the status of his Petitions for Reassessment, and was told that the petitions would likely be forwarded to the proper office. Ultimately, the petitions were filed at the OTA on November 14, 2013.

1

By order dated November 19, 2013, the OTA consolidated the two petitions. On December 17, 2013, the respondent filed a Motion to Dismiss with OTA seeking dismissal of the petitions based upon petitioner's failure to timely file the same. Respondent argued that the Petitions for Reassessment were untimely filed on November 14, 2013, and should have been sent to the OTA at P.O. Box 2751, Charleston, West Virginia 25330-2751. Respondent claimed that the Notice contains in bold typeface the correct filing address, and a blank "appeal form" with the correct address.

The Administrative Law Judge conducted a hearing on the Motion to Dismiss on January 30, 2014. On February 4, 2014, the ALJ issued an order granting respondent's Motion to Dismiss. Petitioner filed a petition for appeal with the Circuit Court of Berkeley County on April 8, 2014. The OTA replied. On December 15, 2014, the circuit court held a hearing on the matter. The circuit court issued its order denying petitioner's appeal on February 9, 2015. It is from this order that petitioner now appeals.

Our standard of review is governed by the Administrative Procedures Act, West Virginia Code 29A-5-4(g), which provides,

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
> (1) In violation of constitutional or statutory provisions; or
> (2) In excess of the statutory authority or jurisdiction of the agency; or
> (3) Made upon unlawful procedures; or
> (4) Affected by other error of law; or
> (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Further, we have held that

> [on] appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt., *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). With these standards in mind we review petitioner's claims.

Petitioner's chief argument is that the circuit court misapplied *Helton v. Reed*, 219 W.Va. 557, 638 S.E.2d 160 (2006).[1] Petitioner relies on footnote six of *Reed* to argue that as an unsophisticated taxpayer, equity and due process principles necessitate a hearing on the merits of petitioner's appeal.[2] Petitioner claims that the dismissal of its appeal was unconscionably harsh, as it received erroneous advice from an unlicensed tax preparer, which caused it to file its appeal at the wrong address. Petitioner also claims that the appellate forms are misleading as there are multiple addresses contained in the appeal forms.

Respondent counters that the appeal deadline is clearly stated in West Virginia Code § 11-10A-9. Further, respondent points out that assessments issued by their office include the following paragraph:

> You are hereby served with notice that if you have any objections to this

---

[1] Petitioner asserts seven assignments of error, most of which are duplicative. Petitioner argues: (1) the circuit court erred by misapplying this Court's holding in *Reed* as if it stood for the view that, regardless of circumstances, the rules of law and equity recognize no exceptions whatsoever to the statutory deadline for filing an appellate pleading or claim; (2) the circuit court erred by failing to properly apply both equitable and due process principles as set forth in *Reed* and in other rulings of this Court; (3) the circuit court erred by omitting any consideration of at least three important distinctions between the taxpayer in *Reed* and petitioner, which distinctions barred the former from, but admit the latter to, the benefit of the equitable exception to improper filing; (4) the circuit court erred by holding that the multiple and erroneous addresses expressly included in, or referenced by, the materials the respondent sent the petitioner in his notices of the estimated assessments were not misleading to a taxpayer unsophisticated in matters of taxation; (5) the circuit court erred by holding that petitioner was not entitled to equitable relief, under the exception to strict filing deadlines recognized in *Reed*, because it had not demonstrated its lack of sophistication in tax controversy procedure; (6) the circuit court erred in effectively holding that only unrepresented taxpayers may receive relief under the unconscionably harsh exception recognized in *Reed*; (7) the circuit court erred by failing to acknowledge either the fact, or its equitable implications, that the address attributed to the WVOTA on the sample petition the respondent provided to the petitioner is different from the address required for filing a petition with the WVOTA under the WVOTA rule governing such matters.

[2] In footnote six of *Reed*, we stated,

"[o]f course a rule that entirely barred the consideration of equitable principles in the enforcement of tax refund filing deadlines could be unconscionably harsh. (Consider the case of an unsophisticated taxpayer who was given erroneous information by a tax official.) Nevertheless, the quoted authority illustrates a significant judicial reluctance to "bend the rules" even for strong equitable reasons in tax filing cases."

*Reed*, 219 W.Va. at 561 n.6, 638 S.E.2d at 164 n.6 (citation omitted).

assessment of tax, interest, additions to tax, or to any part thereof, you must file a petition for reassessment with the independent Office of Tax Appeals at their address, P.O. Box 2751, Charleston, WV 25330-2751 within sixty days from receipt of this assessment.[3]

Respondent distinguishes this matter from the case in *Reed*, arguing that in *Reed,* the plaintiff filed his petition with the OTA within the sixty day statutory requirement. Further, respondent notes that in *Reed*, this Court held that equitable principles do NOT entitle a taxpayer that missed the statutory deadline by mailing the petition to the wrong address to a hearing on his petition, and that petitioner failed to show that he was an "unsophisticated taxpayer" as referenced in footnote six of *Reed*.

We agree with respondent, and find that petitioner fails to demonstrate that the lower court misapplied our holding in *Reed*, and that the circuit court did not err in upholding the dismissal of the petitions. "Filing requirements established by statute, like the ones involved in the instant case are not readily susceptible to equitable modification or tempering." 219 W.Va. at 561, 638 S.E.2d at 164. The circuit court found, and we agree, that petitioner does not fall within the circumstance contemplated in footnote six of *Reed*. First, West Virginia Code § 11-10A-9(b), unambiguously provides that petitions must be filed within sixty days of receipt of the assessment. Second, petitioner fails to demonstrate that it is an unsophisticated tax payer, as petitioner utilized a third-party for bookkeeping and tax preparation services. The circuit court found, and we agree, that petitioner is a limited liability corporation that buys and sells equipment in several states, which indicates a degree of sophistication that precludes a finding that petitioner is "unsophisticated."

In addition, there is no evidence that petitioner received erroneous information from a tax official. The record reflects that petitioner called the OTA, and was advised that its Petitions for Reassessment would likely be forwarded to the correct address after the sixty day deadline passed. Consequently, petitioner cannot claim that it relied upon that advice when filing its petitions for appeal. Further, the West Virginia Code of State Rules provides guidance on the issue of an incorrectly addressed Petition for Reassessment.

> If instead of mailing or otherwise delivering the petition to the office of tax appeals, the petitioner, or the petitioner's representative, causes the petition to be delivered to a place other than the office of tax appeals, such as, for example, the office of secretary of tax and revenue, the office of state tax commissioner or another office in the state tax department, receipt by that office is not receipt by the office of tax appeals unless the other office forwards the petition to the office of tax appeals within the original statutory period for filing the petition.

W. Va. Code R. § 121-1-22.7 (2003).

---

[3] Petitioner also complains that the circuit court erred in failing to acknowledge that the W. Va. Code R. § 121-1-22 allows for the filing of a petition at the OTA at 815 Quarrier Street, Charleston, West Virginia 25301, which is a different address from the actual Petition for Reassessment. However, petitioner there is no evidence in the record that petitioner mailed its Petition for Reassessment, therefore we decline to consider that argument at this time.

4

It is clear from the regulation that the forwarding of a misfiled Petition for Assessment is not mandatory, and that the misfiling of petition does not toll the sixty day statutory appeal period. Ultimately, petitioner did not receive erroneous advice from a tax official, but from its chosen tax preparer and bookkeeper. *Reed* does not carve out an exception in this circumstance.

Finally, petitioner complains that its due process rights have been violated. Petitioner cites *Lee Trace, LLC v. Raynes*, 232 W.Va. 183, 191, 751 S.E.2d 703, 711 (2013), for the proposition that "[a]s a matter of due process, [a] taxpayer should be sufficiently alerted of his or her appeal rights[.] . . ." We find this argument unpersuasive. In *Lee Trace*, we found that the taxpayer's assessment did not comport with statutory requirements and failed to adequately inform the person assessed of their appeal rights.[4] In the instant case, the Notices of Assessment received by petitioner clearly and precisely informed petitioner of its appeal rights, and provided the process, deadline, and address for filing the Petitions for Reassessment. Consequently, we find that the circuit court did not misapply our holding in *Reed*, and find no error in the judgment below.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret Workman

**DISSENTING AND WRITING SEPARATELY:**

Chief Justice Menis E. Ketchum

Ketchum, Chief Justice:

The taxpayer timely mailed the Petition for Reassessment to the State Tax Department. The State Tax Department did not send it to the correct department, the Office of Tax Appeals. More importantly, the State Tax Department did not notify the taxpayer that the petition was

---

[4] In *Lee Trace* the tax payer's assessment noticed that "[i]f you believe an adjustment in the assessed value is necessary, you should contact the County Commission sitting as a Board of Review and Equalization."  232 W.Va. at 186, 751 S.E.2d at 706.

mailed to the wrong department. It did nothing but let the time for the appeal expire, and then have the Petition for Reassessment dismissed because it was not timely filed with the Office of Tax Appeals. Our government should not win cases by using trickery against unsophisticated taxpayers. Therefore, I dissent.